UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER, a not-for-profit, Washington charitable corporation, <br><br>    Plaintiff, <br><br>v. <br><br>LARRY MAYO, in his official capacity as Warden of Everglades Correctional Institution, WILLIAM CHURCHWELL, in his official capacity as Warden of Dade Correctional Institution, NORMAN JENKINS, in his official capacity as Warden of Homestead Correctional Institution, and KENNETH S. TUCKER, in his official capacity as Secretary of the Florida Department of Corrections, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

### Introduction

1.    Plaintiff, Prison Legal News, brings this action pursuant to 42 U.S.C. § 1983, to enjoin Defendant officials of the Florida Department of Corrections ("FDOC") from barring, in violation of the First and Fourteenth Amendments to the U.S. Constitution, the receipt by inmate subscribers of the journal *Prison Legal News*, and to require the FDOC to provide Plaintiff with constitutionally required notice as well as an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored by the FDOC. Plaintiff also seeks a declaratory judgment

{07044425;1}

that Rule § 33-501.401(3), F.A.C., is unconstitutional as applied by the FDOC to Plaintiff, because it is used by the FDOC to justify the prohibition on sending literature to inmates, which has adversely affected Plaintiff's services to Florida's inmates.

2. Plaintiff brings this action because the FDOC has repeatedly ignored its constitutional duty to allow Plaintiff's publications into FDOC institutions. The FDOC has disregarded previous rulings by the Eleventh Circuit on this issue, and has continued to censor these publications despite previously changing their policy to allow these same publications and rendering an earlier identical lawsuit moot.

3. Plaintiff has worked for years to provide news and information to inmates regarding their education, well-being, and safety, while abiding by the guidelines of the institutions into which they send their publications. The FDOC's ever-changing policies have injured Plaintiff, as well as the inmates with whom they correspond, because the FDOC continues to deny Plaintiff the right to send inmates publications designed to benefit them, both while incarcerated and after their release.

## Jurisdiction and Venue

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

5. Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the Plaintiff by the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and laws of the United States.

6.      This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

7.      Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

8.      Venue properly lies in this division of the Southern District of Florida pursuant to 28 U.S.C. § 1391 and Local Rule 3.4(d), S.D. Fla.  Defendants Mayo, Churchwell and Jenkins all reside in the Southern District of Florida, and "a substantial part of the events or omissions giving rise to the claim" occurred in this division of the Southern District of Florida.

9.      Plaintiff seeks temporary, preliminary, and permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

**Parties**

10.     Plaintiff, Prison Legal News ("PLN"), is a project of the Human Rights Defense Center, a not-for-profit, Washington charitable corporation under IRS Code § 501(c)(3), with offices in Brattleboro, Vermont.  PLN publishes *Prison Legal News*, a monthly journal of prison news and analysis.

11.     Defendant, Larry Mayo, is the Warden of Everglades Correctional Institution ("Everglades"), located in Miami, Florida, within the division and district of this Court.  Everglades confines a large number of inmates who have sought and been prohibited by Defendants from receiving Plaintiff's publications.  Defendant Mayo has authority pursuant to Rule § 33-501.401, F.A.C., to impound incoming mail, including Plaintiff's publications, and is required by Rule § 33-

-3-

{07044425;1}

501.401, F.A.C., to notify Plaintiff that its mail has been censored. Defendant Mayo is sued in his official capacity for injunctive and declaratory relief, attorneys' fees and costs.

12.     Defendant, William Churchwell, is the Warden of Dade Correctional Institution ("Dade"), located in Florida City, Florida, within the division and district of this Court. Dade confines a large number of inmates who have sought and been prohibited by Defendants from receiving Plaintiff's publications. Defendant Churchwell has authority pursuant to Rule § 33-501.401, F.A.C., to impound incoming mail, including Plaintiff's publications, and is required by Rule § 33-501.401, F.A.C., to notify Plaintiff that its mail has been censored. Defendant Churchwell is sued in his official capacity for injunctive and declaratory relief, attorneys' fees and costs.

13.     Defendant, Norman Jenkins, is the Warden of Homestead Correctional Institution ("Homestead"), located in Florida City, Florida, within the division and district of this Court. Homestead confines a large number of inmates who have sought and been prohibited by Defendants from receiving Plaintiff's publications. Defendant Jenkins has authority pursuant to Rule § 33-501.401, F.A.C., to impound incoming mail, including Plaintiff's publications, and is required by Rule § 33-501.401, F.A.C., to notify Plaintiff that its mail has been censored. Defendant Jenkins is sued in his official capacity for injunctive and declaratory relief, attorneys' fees and costs.

14.     Defendant, Kenneth S. Tucker, is the Secretary of the FDOC. Under Defendant Tucker's control, the FDOC manages all correctional facilities within the state of Florida. Defendant Tucker has ultimate responsibility for the promulgation and enforcement of all FDOC rules, policies and procedures, and administrative code provisions, and is responsible for the overall management of the Florida prison system. As Secretary, Defendant Tucker is the highest ranking official of the FDOC, and is responsible for the enactment and enforcement of Rule § 33-501.401(3),

F.A.C.  Defendant Tucker is sued in his official capacity for injunctive and declaratory relief, attorneys' fees and costs.

15. The actions of all Defendants as alleged herein were taken under the authority and color of state law.

## Factual Allegations

16. Plaintiff, PLN, is the publisher of a monthly magazine, *Prison Legal News*, and a distributor of books and other materials pertaining to the legal rights of prisoners and the conditions affecting prisoners.

17. The purpose of PLN, as stated in its Articles of Incorporation, Article III, Part 6, is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society.

18. For the past 21 years, the core of PLN's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights.

19. *Prison Legal News* is comprised of writings from legal scholars, attorneys, inmates and news wire services. *Prison Legal News* has approximately 7,000 subscribers in the United States and abroad, including subscribers in prisons in all 50 states. *Prison Legal News* has numerous prisoner subscribers in the Florida state correctional system, including facilities organized and run by the FDOC, such as the institutions run by defendants Mayo, Churchwell and Jenkins. Subscribers to *Prison Legal News* also include attorneys, judges, journalists, academics, and others who have an interest in topics included in the magazine.

20. Plaintiff's publications, books and other materials, as described above, are political speech and social commentary, which are at the core of First Amendment values and are entitled to the highest protection afforded by the U.S. Constitution.

21. Rule § 33-501.401(3), F.A.C., provides:

> (3) Inmates shall be permitted to receive and possess publications per terms and conditions established in this rule unless the publication is found to be detrimental to the security, order or disciplinary or rehabilitative interests of any institution of the department, or any privately operated institution housing inmates committed to the custody of the department, or when it is determined that the publication might facilitate criminal activity. *Publications shall be rejected when one of the following criteria is met:*
> …
> *(l) It contains an advertisement promoting any of the following where the advertisement is the focus of, rather than being incidental to, the publication or the advertising is prominent or prevalent throughout the publication.*
> > *1. Three-way calling services;*
> > *2. Pen pal services;*
> > *3. The purchase of products or services with postage stamps; or*
> > *4. Conducting a business or profession while incarcerated.*

(emphasis added).

22. Defendants, by and through their application of Rule § 33-501.401(3), F.A.C., have caused substantial harm to Plaintiff. The effect of Rule § 33-501.401(3), F.A.C., is to deny Plaintiff its right to send literature to its inmate subscribers. Since Defendants' application of Rule § 33-501.401(3), F.A.C., to Plaintiff, Plaintiff has been unable to send its publications to FDOC inmate subscribers. As such, Rule § 33-501.401(3), F.A.C., substantially chills Plaintiff's ability to communicate with its inmate subscribers, and violates Plaintiff's rights under the First and Fourteenth Amendment.

23. This is not the first time that Plaintiff has been forced to file suit in order to ensure that the FDOC complies with its constitutional obligations with regard to these publications.


Initially, Plaintiff was able to send its publications to FDOC inmate subscribers without incident. Beginning in approximately February 2003, the FDOC refused to allow delivery of *Prison Legal News*, citing Rule § 33-501.401, F.A.C.  This censorship was based on advertisements in *Prison Legal News*, which included three-way calling services, pen-pal services, and advertisements concerning the sale of postage stamps and inmate artwork.  This censorship and refusal to allow delivery of *Prison Legal News* occurred even though the FDOC had previously approved subscriptions to *Prison Legal News*.  Nonetheless, the FDOC refused to deliver the subscriptions, and Plaintiff filed suit.

24. During the lawsuit that ensued, the FDOC amended Rule § 33-501.401, F.A.C., three separate times to allow *Prison Legal News*, and Plaintiff's other publications, to be sent into FDOC institutions.  *See Prison Legal News v. McDonough*, 200 Fed. App'x 873, 875-76 (11th Cir. 2006). Based solely on these changes in policy, as well as the FDOC's representation to the Court that they would not resume the impoundment of *Prison Legal News*, the Middle District of Florida, and later the Eleventh Circuit, found the case to be moot.  *See id.* at 878 ("[A]lthough the FDOC previously wavered on its decision to impound [Prison Legal News], it presented sufficient evidence to show that it has 'no intent to ban PLN based solely on the advertising content at issue in this case' in the future … and that the magazine will not be rejected based on its advertising content … We have no expectation that FDOC will resume the practice of impounding publications based on incidental advertisements.").

25. Despite the FDOC's representation to the district court and the Eleventh Circuit, the FDOC – through Defendants – again revised the challenged rule in 2009 and began to again impound and censor *Prison Legal News* and Plaintiff's other publications based solely on their

advertising content, despite the fact that the prevalence of advertisements in the impounded publications had not been altered in any way since the FDOC's misrepresentations to the district court and the Eleventh Circuit.

26. Since the FDOC's latest revision to the challenged rule and resumed censorship of *Prison Legal News*, Plaintiff has been unable to fulfill its stated mission of educating prisoners and has been unable to distribute its constitutionally protected materials to FDOC inmates. Instead, these publications have been returned to Plaintiff by defendants Mayo, Churchwell and Jenkins, and other correctional facilities under the control of defendant Tucker.

27. None of the publications at issue in this case violate FDOC policies or regulations and the censorship of these materials furthers no legitimate penological interest. Nonetheless, Defendants are refusing to allow these publications to be delivered to Florida inmate subscribers on the basis that they contain "advertising [which is] prevalent throughout the publication for (1) three-way calling services; (2) pen-pal services; (3) the purchase of products or services with postage stamps; or (4) conducting a business or profession while incarcerated." *See* Admissible Reading Material Rule, Rule § 33-501.401(3)(l), F.A.C.

28. Since the FDOC's resumed censorship of Plaintiff's publications, Defendants have failed and refused to provide Plaintiff with notice and an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored by the FDOC.

29. Since the FDOC – through Defendants – began to again impound and censor *Prison Legal News* and Plaintiff's other publications in 2009, Plaintiff has filed numerous appeals regarding the rejection of *Prison Legal News* and Plaintiff's other impounded publications with the FDOC's

Literature Review Committee when Plaintiff is informed by its inmate subscribers that its publications have been rejected by the FDOC. All of Plaintiff's appeals have been denied.

30.     There is not a valid, rational connection between the Defendants' application of Rule § 33-501.401(3), F.A.C., to Plaintiff's publications, and any legitimate governmental interest put forward to attempt to justify it.

## Count I

### Unconstitutional Censorship of PLN

31.     Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 30 of this Complaint, as if set forth fully herein.

32.     Plaintiff sends publications to inmates throughout the nation, including those in Defendants' custody; this behavior enjoys protection under the First and Fourteenth Amendments.

33.     Defendants' actions in refusing to deliver or allow delivery of Plaintiff's publications to Florida inmates, solely because of the presence of certain advertisements within these publications, violate Plaintiff's rights of free speech, press and association as protected by the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

## Count II

### Violation of Due Process

34.     Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 30 of this Complaint, as if set forth fully herein.

35.     Defendant officials, in denying Plaintiff its right to communicate with its current and potential inmate subscribers, have deprived Plaintiff of constitutionally protected liberty and/or property interests without due process of law.

36. Defendant officials' actions, as alleged herein, constitute state action.

37. Defendant officials' failure and refusal to provide Plaintiff with constitutionally required notice and an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored by the FDOC violates Plaintiff's rights to due process of law protected by the Fifth and Fourteenth Amendments to the U.S. Constitution and by 42 U.S.C. § 1983.

### Request for Relief

**WHEREFORE** Plaintiff respectfully requests that this Court grant the following relief:

(a) Declare that Defendants' conduct violates Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution;

(b) Declare that Rule § 33-501.401(3), F.A.C., as applied to Plaintiff by Defendants, violates Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution;

(c) Enter preliminary and permanent injunctive relief establishing that Rule § 33-501.401(3), F.A.C., is unconstitutional as applied by Defendants to Plaintiff's publications, prohibiting Defendants from refusing to deliver Plaintiff's publications to Florida inmate subscribers, ordering Defendants to deliver all past issues of Plaintiff's publications which have previously been censored and withheld from their Florida inmate subscribers, and requiring Defendants to provide Plaintiff with individualized notice and an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored by Defendants;

(d) Award Plaintiff its costs and attorneys' fees arising out of this litigation, pursuant to 42 U.S.C. § 1988; and

(e) Grant Plaintiff such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
Joshua A. Glickman, Esq.
Florida Bar No. 43994
Shawn A. Heller, Esq.
Florida Bar No. 46346

Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (FAX)
E-mail: *RBerg@FloridaJusticeInstitute.org*
E-mail: *JGlickman@FloridaJusticeInstitute.org*
E-mail: *SHeller@FloridaJusticeInstitute.org*


Randall C. Marshall, Esq.
Florida Bar No. 181765

American Civil Liberties Union Found. of Fla.
4500 Biscayne Blvd.
Suite 340
Miami, Florida 33137
786-363-2707
786-363-1108 (FAX)
E-mail: *RMarshall@aclufl.org*

Lance Weber, Esq.[1]
Human Rights Defense Center
P.O. Box 2420, Brattleboro, VT 05303
802-579-1309
866-228-1681 (FAX)
E-Mail: lweber@humanrightsdefensecenter.org

Attorneys for the Plaintiffs

---

[1] Motion to Appear *Pro Hac Vice* filed contemporaneously.

-11-

By: *s/ Randall C. Berg, Jr.*
Randall C. Berg, Jr., Esq.
Florida Bar No. 318371

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2011, this Complaint was electronically filed with the Clerk of the Court using CM/ECF, and a true and correct copy was emailed to Jennifer Parker, General Counsel, Florida Department of Corrections, at parker.jennifer@mail.dc.state.fl.us.

By: *s/ Randall C. Berg, Jr.*
Randall C. Berg, Jr., Esq.