**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

PRISON LEGAL NEWS, a project
of the HUMAN RIGHTS DEFENSE
CENTER, not-for-profit Washington
charitable corporation,

        Plaintiff,

    v.                                    Case No.: 3:12cv152/RV/EMT

THE GEO GROUP, INC., a Florida
Corporation; CORRECTIONS CORPORATION
OF AMERICA, a Tennessee Corporation doing
business in Florida; and KENNETH S. TUCKER,
in his official capacity as the Secretary of the
Florida Department of Corrections,

        Defendants.
_____/

**ORDER**

      The plaintiff, Prison Legal News, is a monthly journal of prison-related news and analysis. It filed this litigation in the Southern District of Florida to enjoin the defendants --- The GEO Group, Inc. ("GEO"); Kenneth S. Tucker, the Secretary of Florida Department of Corrections; and Corrections Corporation of America ("CCA") --- from the alleged unconstitutional censorship of the journal in Florida correctional institutions. The defendants each filed a motion to transfer the case to this district, and contained within each motion was a motion to dismiss (docs. 18, 29, 37). The Southern District granted the defendants' motions to the extent that they sought transfer, and the case was thereafter transferred to this district and assigned to the Pensacola Division. Now pending is the plaintiff's motion to transfer the case to the Tallahassee Division (doc. 49). One of the defendants, GEO, has filed a response in opposition.

*Case No.: 3:12cv152/RV/EMT*

Pursuant to Title 28, United States Code, Section 1404, for the convenience of parties or witnesses and in the interests of justice, a court may transfer any civil action to another district or division where it may have been originally brought. As the parties do not challenge that this case could have been originally brought in the Tallahassee Division, the only issue to be decided is whether the interests of justice and convenience warrant transfer to that court. This decision "is left to the sound discretion of the trial court" and will not be overturned except for "a clear abuse of discretion." Brown v. Connecticut General Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991); accord Florida v. Jackson, 2011 WL 679556, at *1 (N.D. Fla. Feb. 15, 2011).

In deciding whether to transfer under Section 1404, there is no one single dispositive factor but courts will generally consider (1) convenience of witnesses; (2) location of relevant documentary evidence and access to sources of proof; (3) convenience of the parties; (4) locus of operative facts; (5) availability of process to compel the attendance of unwilling witnesses; (6) relative financial means of the parties; (7) the forum's familiarity with the governing law; (8) weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on a totality of the circumstances. See, e.g., Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Upon close and careful review of the motion to transfer and GEO's response in opposition, and with the foregoing standard of review in mind, I have concluded that plaintiff's motion should be granted. Of the nine (9) general factors identified above, I find that they are all either neutral or weigh in favor of granting transfer. Of particular significance, it should be noted that while in the Southern District, all three of the defendants requested that the case be transferred to this district and specifically assigned to the Tallahassee Division. Indeed, the defendants implicitly recognized that the operative facts originated in Tallahassee as they argued at the

time that transferring the case to that division would best serve the parties, the witnesses, and the interests of justice. It thus appears that this case was most likely assigned to the Pensacola Division in error.

The plaintiff's motion to transfer (doc. 49) is hereby GRANTED. The Clerk is directed to transfer this case to the Tallahassee Division. The defendants' pending motions to dismiss, contained within their prior-filed motions to transfer (docs. 18, 29, 37), will carry with the case.[1]

**DONE and ORDERED this 9th day of May, 2012.**

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

---

[1] Numerous courts have determined, as I have here, that when a motion to dismiss is contained within a motion to transfer, it is proper to decide the transfer issue first and then --- if transfer is granted --- leave the motion to dismiss "to be 'more properly dealt with by the judge who will be presiding over the litigation.'" Summers-Wood L.P. v. Wolf, 2008 WL 2229529, at * 2 n.1 (N.D. Fla. May 23, 2008) (collecting multiple cases).

*Case No.: 3:12cv152/RV/EMT*